IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





WR - 60,137-01






EX PARTE SERVANDO HERNANDEZ, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 03-1-19,990-A IN THE 24TH JUDICIAL

DISTRICT COURT VICTORIA COUNTY





 Per Curiam.



O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967).
Applicant was convicted of the felony offense of murder. Applicant was sentenced to
imprisonment for 55 years.

 In his sole ground for habeas corpus relief, Applicant contends that his counsel was
ineffective for failing to timely file notice of appeal. The convicting court has entered
findings of fact and conclusions of law. The convicting court found that applicant desired
to appeal his conviction but was prevented from doing so by the failure of trial counsel to
timely file notice of appeal. The convicting court recommended that this Court grant relief
in the form of an out of time appeal. The convicting court ordered trial counsel to provide
an affidavit addressing applicant's complaint, however, none is in the record. We remanded
this to obtain an affidavit from trial counsel addressing applicant's allegation. On remand
the trial court clarified that trial counsel was not responsible for applicant's appeal but that
two other attorneys represented applicant during the time a timely notice of appeal or
extension of time to file the notice of appeal could have been filed. The trial court did not
obtain affidavits from these attorneys. Counsel should each have notice of the allegations
against him and an opportunity to respond before he is adjudged to have rendered ineffective
assistance of counsel.

 We have determined that additional facts need to be developed, and since this Court
cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.App. 1960), the
trial court is the appropriate forum. The trial court may resolve the issue as set out in Article
11.07, Section 3(d), of the Texas Code of Criminal Procedure, however, it shall order
applicant's two appellate counsel each to file an affidavit, with supporting documentation if
appropriate, addressing applicant's allegation. The trial court may also order depositions,
interrogatories, or hold a hearing.

 This application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issue shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: December 14, 2005

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the continuance should
be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.